**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

THE CONTINENTAL GROUP, INC., now
known as FIRSTSERVICE RESIDENTIAL
FLORIDA, INC.,

      Plaintiff,

vs.                              CASE NO. 1:15-cv-21421

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation;
THE YACHT CLUB AT PORTOFINO
CONDOMINIUM ASSOCIATION, INC.,
a Florida corporation;
IGOR GER, an individual Florida citizen;
and CSI MANAGEMENT SERVICES, LLC,
a Florida Limited Liability Company,

      Defendants.
_____/

# EXHIBIT "A"

15048301v1 0966210

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA

15-031611

| | |
|---|---|
| THE CONTINENTAL GROUP, INC., NOW KNOWN AS FIRSTSERVICE RESIDENTIAL FLORIDA, INC., | CASE #: 2015-002853-CA-01<br>COURT: CIRCUIT COURT<br>COUNTY: MIAMI-DADE<br>DFS-SOP#: 15-031611 |

PLAINTIFF(S),

VS.

MT HAWLEY INSURANCE COMPANY
ET AL.,

DEFENDANT(S).

SUMMONS, IMPORTANT, COMPLAINT FOR DECLARATORY JUDGMENT AND/RELIEF/ DAMAGES, EXHIBITS

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by PROCESS SERVER on the 16th day of March, 2015 and a copy was forwarded by Electronic Delivery on the 19th day of March, 2015 to the designated agent for the named entity as shown below.

MT HAWLEY INSURANCE COMPANY
DANIEL O KENNEDY
RLI INSURANCE COMPANY
9025 N. LINDEBERGH DRIVE
PEORIA, IL  61615

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

Jeff Atwater
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

ALAN S. ROSENBERG
AM TRUST BANK BUILDING
SUITE 330, 8211 W. BROWARD BOULEVARD
FORT LAUDERDALE FL 33324

JGJ

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2015-002853-CA-01

THE CONTINENTAL GROUP, INC.,
now known as FirstService Residential
Florida, Inc.,

      Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY, an Insurance Corporation; THE YACHT CLUB AT PORTOFINO CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation, IGOR GER, an individual; and CSI MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company,

      Defendants.

_____/

Served
On 3-16-15 1:12 pm
Herman Mathers
Special Process Server #2
Leon County, Florida

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the Complaint in this action on Defendant, MT. HAWLEY INSURANCE COMPANY:

    By Serving:   CHIEF FINANCIAL OFFICER
                       200 E. GAINES ST.
                       TALLAHASSEE, FL 32399-0000

MAR 0 9 2015

**DATED on** _____, _____, 2015.

                                                Clerk of the Circuit Court

                                                By: _MICHELLE GONZALEZ_
                                                       Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this Summons is served on you to file a written response to the attached Complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written responses to the Plaintiff=s counsel named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentaria ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea gue el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero de caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la gula telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correra o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff Attorney" (Demandante o Abogado del Demandante).

## IMPORTANTE

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre reponse ecrite, avec mention de numero de dossier cl-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**ALAN S. ROSENBERG, ESQ.**
**KOLEOS ROSENBERG McMAHON**
**AM TRUST BANK BUILDING**
**8211 W. BROWARD BLVD., SUITE 330**
**FT. LAUDERDALE, FL 33324**

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2015-002853-CA-01

THE CONTINENTAL GROUP, INC.,
now known as FirstService Residential
Florida, Inc.,

        Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY, an Insurance Corporation; THE YACHT CLUB AT PORTOFINO CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation, IGOR GER, an individual; and CSI MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company,

        Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF/ DAMAGES

Plaintiff, THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE RESIDENTIAL FLORIDA, INC., a Florida Corporation (hereinafter referred to as "CONTINENTAL"), hereby sues, for Declaratory Judgment, relief and other damages, Defendants, MT. HAWLEY INSURANCE COMPANY (hereinafter referred to as "MT. HAWLEY"), an Insurance Corporation; THE YACHT CLUB AT PORTOFINO CONDOMINIUM ASSOCIATION, INC. (hereinafter referred to as "YACHT CLUB"), a Florida Not for Profit Corporation; IGOR GER, an individual; and CSI MANAGEMENT SERVICES, LLC, ("CSI") a Florida Limited Liability Company, and alleges as follows:

1. This is an action for Declaratory Judgment, relief and other damages as against necessary and proper parties, related to an underlying Liability Matter/ Suit. Plaintiff requests the declaration of its rights and obligations, with respect to certain Defendants,

1

MT. HAWLEY, YACHT CLUB, GER and CSI, under a certain Insurance Policy issued by Defendant, MT. HAWLEY to THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC., and to the use and benefit of the Plaintiff, in connection with an underlying Liability Action and Claim herein described and referenced.

2. This Action is brought pursuant to Florida Chapter 86, Florida Statutes (specifically Florida Statutes Section 87.011), and without limitation to other relief for Breach of Contract, and/or Damages against the necessary and proper Parties/ Defendants named herein. Plaintiff, CONTINENTAL, as either a Named Insured, Defined Insured, Who is an insured, Omnibus Insured, or Contractually Indemnified Party, or both, brings this Action against Defendant, MT. HAWLEY, as the Insurer for THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC., as well as the remaining Defendants, as necessary and proper parties, subject to being named in an Underlying Action, and for other relief and damages as set forth therein. CONTINENTAL additionally seeks damages in the form of attorney's fees, costs and interest pursuant to Florida Statute Section 627.428, among other provisions and authority.

3. THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE RESIDENTIAL FLORIDA, INC., is a Florida corporation with its principal place of business in Broward County, Florida, and which primarily engages in the management of Condominium Associations and Homeowner Associations, throughout the State of Florida, and including, but not limited to, Miami-Dade County, Florida.

2

4. Defendant, MT. HAWLEY INSURANCE COMPANY, is a Foreign Insurance Corporation, who issued at all times material hereto, insurance products within the State of Florida, and in fact, issued an insurance product to Defendant, THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC., in Miami-Dade County, Florida.

5. Defendant, THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC., is a Florida, Not for Profit Corporation, responsible for the operation and maintenance of The Yacht Club, a Condominium, located at 90 Alton Road, Miami Beach, FL 33139.

6. Jurisdiction is proper in this Court, as this Action is an original one, for Declaratory Relief pursuant to, among other things, Florida Statutes Section 87.011. All conditions precedent to the institution of this Action have occurred, been performed or have been waived or excused. This Action seeks a determination of a bona fide dispute between the parties as to the existence or non-existence of coverage under a certain Policy of Insurance and/or Contract issued to the use and benefit of this Plaintiff.

7. The Defendants, GER and CSI, are necessary and proper, indispensable parties to the litigation, as their rights and remedies will be directly affected by the determination of this Court as to the existence or nonexistence of insurance coverage under certain Policies issued and/or Contracts issued by the Defendants in this matter.

8. Venue is appropriate as all transactions, occurrences, and acts making rise to this bona fide dispute occurred in, and claims and demands for relief in insurance coverage originate from Miami-Dade County, Florida.

## GENERAL AND FACTUAL ALLEGATIONS

9. This is an Insurance Coverage Dispute, as well as a Breach of Contract and Insurance Contract Action which arises from an Amended Complaint, venued in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida styled: IGOR GER, Plaintiff, versus THE YACHT CLUB AT PORTOFINO CONDOMINIUM, INC.; FIRSTSERVICE RESIDENTIAL FLORIDA, INC.; CSI MANAGEMENT SERVICES LLC., AND JOHN DOE OFFICERS AND DIRECTORS, CASE # 13-38303.

10. Attached hereto as Exhibit "A" is the Amended Complaint for Damages. Attached hereto as Exhibit "B" is THE CONTINENTAL GROUP, INC.'s current Answer and Affirmative Defenses to IGOR GER's Amended Action for Damages.

11. Within the four corners of the underlying action, as well as the Exhibits thereto, allegations are made against CONTINENTAL for damages in the form of negligence and breaches against CONTINENTAL, resulting from its role as property manager and pursuant to Condominium Association Management Contracts.

12. In Counts I, II, IV and VI of Plaintiffs' Amended Complaint for Damages in the underlying case, Plaintiff sets forth certain duties of care, responsibility and foreseeability to the protection of its resident, IGOR GER, related to water intrusion and damages into his Unit at the Condominium beginning in 2006 and continuing forward.

13. Pursuant to the Condominium Association Management Contracts effective 2005, with Addendums and renewals to the Condominium Association Management Contract, the Association agreed to defend, indemnify and hold CONTINENTAL harmless without limitation, as set forth therein (see Condominium Association Management Agreements and Addendums/renewals, collectively attached hereto as Exhibit "C").

4

14. Specifically, but without limitation, Paragraph 14 of the Condominium Association Management Contract provides:

> As to claims, damages, losses or expenses, including but not limited to, reasonable attorney's fees and costs, whether trial or appellate, to the extent not caused by the negligence or intentionally tortious conduct of Manager or its employees, the Association shall indemnify and hold the Manager harmless from any and all damages, losses, and expenses, and shall be responsible for the payment of all reasonable legal fees and costs at both the trial and appellate level in connection therewith.

15. The Condominium Association Management Agreement further provides in Paragraph 5, for certain insurance coverages, amounts, layers and types of coverage, all to the use and benefit of Plaintiff in this case.

16. As early as 2013, when the Claim originated and through August 2014, and on numerous occasions, Plaintiff CONTINENTAL, through its representatives and/or counsel, tendered demand for coverage, defense and indemnity on behalf of itself, pursuant to the Condominium Association Management Agreements and the insurance product issued by MT. HAWLEY to YACHT CLUB. These tenders raise the issue of tender and demand for specific defense and indemnification consistent with the Condominium Association Management Agreements and the Insurance Contract, and are all based upon the claims made against Plaintiff, CONTINENTAL in the Liability Matter. (Said tender demands are collectively attached hereto as Exhibit "D").

## MT. HAWLEY INSURANCE COMPANY CONTRACT

17.     MT. HAWLEY INSURANCE COMPANY entered into a Commercial General Liability Insurance Policy with its named insured, THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC. (a copy of said Commercial General Liability Insurance Policy is attached hereto as Exhibit "D").

18.     Upon information and belief, and upon review of the subject insurance Policy, the Property Manager and/or affiliated or related companies, were designated as scheduled insured or named insured, or additional named insureds, or as a "WHO IS AN INSURED", for the operations of the named insured premises. Accordingly, and without limitation, the subject policy of insurance provides, in part, that MT. HAWLEY will pay those sums that its Insureds become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies. The policy in fact or effect, further states that MT. HAWLEY INSURANCE COMPANY has a duty to defend all its insureds against any suit seeking such damages.

19.     Further, without limitation, the Commercial General Liability Coverage Form provides coverage for contractual liability which is defined as "bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a Contract or Agreement.

20.     Whether Plaintiff, CONTINENTAL, is a named insured, additional insured, omnibus insured, WHO is an INSURED, scheduled insured, defined insured, or benefits from insured contract liability coverage, MT. HAWLEY owes a separate duty of defense and indemnity to the Plaintiff, CONTINENTAL, as set forth in the Policy of Insurance and

6

as set forth to its main insured, THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC.

### COUNT I - DECLARATORY RELIEF (All Parties)

Plaintiff, CONTINENTAL, reincorporates and realleges all allegations contained in paragraphs 1-20 above.

21.  CONTINENTAL requests the declaration of its rights and obligations, as it relates to the certain Insurance Policy issued by MT. HAWLEY INSURANCE COMPANY to THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC., in connection with Underlying Actions and Claims, as asserted for coverage as herein described and referenced.

22.  MT. HAWLEY INSURANCE COMPANY issued and entered into a Contract of Insurance for liability with THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC. The subject Insurance Policy contains various terms, conditions, limitations, exclusions, definitions, amendments, schedules, endorsements, and other provisions which provide for coverages to the use and benefit of THE YACHT CLUB at PORTOFINO CONDOMINIUM ASSOCIATION, INC. and THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE RESIDENTIAL FLORIDA, INC. These coverages include those triggered by the Underlying Liability Action referenced herein.

23.  A controversy has arisen and presently exists between MT. HAWLEY INSURANCE COMPANY and CONTINENTAL regarding MT. HAWLEY INSURANCE COMPANY's duties and obligations, as it relates to its defense and indemnification obligations pursuant to the Commercial General Liability Insurance Policy, and in response to the tenders of defense and indemnification from the Underlying Liability Action.

7

24.     Without conceding, waiving or otherwise admitting the allegations of the Underlying Liability Action, CONTINENTAL incorporates the allegations set forth therein, for a reference, and for the purposes of this particular Declaratory Judgment Action stated herein.

25.     A controversy has arisen and presently exists between MT. HAWLEY INSURANCE COMPANY and CONTINENTAL concerning their rights, status and/or legal relations, including MT. HAWLEY INSURANCE COMPANY's duty to defend and indemnify CONTINENTAL from the allegations raised herein.

26.     CONTINENTAL has a justiciable question as to the existence and/or amount of coverage, and the extent of its legal rights, status and/or legal relationship, and is in doubt as to its rights, status and/or legal relationship under the subject Insurance Policy.

27.     A judicial declaration as to the existence of coverage under the aforementioned policy of insurance, and CONTINENTAL's rights thereunder, is necessary and appropriate at this time.  As it relates to the ongoing duty of defense and indemnification, there is no other adequate remedy at law.

28.     CONTINENTAL has been compelled to hire undersigned counsel to pursue this Action and is obligated to pay counsel reasonable attorneys fees and reimburse counsel for all costs, and expenses, incurred in connection herewith, all of which is recoverable from MT. HAWLEY INSURANCE COMPANY.

**WHEREFORE**, THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE RESIDENTIAL FLORIDA, INC., prays that this Honorable Court enter an Order in favor of THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE

RESIDENTIAL FLORIDA, INC., binding on all parties and Defendants hereto, and declaring as follows:

- A. Declaring that MT. HAWLEY INSURANCE COMPANY is and has been obligated to defend Plaintiff, CONTINENTAL in response to the Underlying Liability Action referenced herein;

- B. Declaring that MT. HAWLEY INSURANCE COMPANY has breached its Policy of Insurance by failing to defend Plaintiff, CONTINENTAL at all times material hereto, as it relates to the underlying Liability Action and/or for denying the subject claim or improperly reserving its rights thereunder;

- C. Declaring that MT. HAWLEY INSURANCE COMPANY is obligated to reimburse Plaintiff, CONTINENTAL for all defense costs, expert fees, and attorneys fees, incurred, or to be incurred, by CONTINENTAL in connection with the defense of the Underlying Liability Action, including any and all amounts recouped by CONTINENTAL from any other Parties or carriers;

- D. Declare that MT. HAWLEY INSURANCE COMPANY is obligated to indemnify Plaintiff, CONTINENTAL for all damages stemming from the Underlying Liability Action;

- E. Awarding Plaintiff, CONTINENTAL its attorneys fees, costs, and interest as it relates to both the Underlying Liability Action and the Instant Declaratory Relief/Breach of Contract Action; and

F.  Granting Plaintiff, CONTINENTAL such further and other relief as this Honorable Court deems just, and appropriate under the circumstances.

## COUNT II - BREACH OF CONTRACT AGAINST MT. HAWLEY INSURANCE COMPANY

Plaintiff, CONTINENTAL, reincorporates and realleges all allegations contained in paragraphs 1-20 above.

29.  This is an Action for money damages resulting from a breach of Insurance Contract as between MT. HAWLEY INSURANCE COMPANY and CONTINENTAL, as referenced herein and above. The damages and amount in controversy exceed $15,000.00, exclusive of interests, costs, and a separate award of attorney's fees.

30.  CONTINENTAL GROUP, INC. tendered to MT. HAWLEY INSURANCE COMPANY a separate defense and indemnification of the Underlying Liability Action pursuant to the subject Insurance Contract.

31.  The Underlying Liability Claims against CONTINENTAL are covered under the MT. HAWLEY INSURANCE COMPANY's Insurance Policy, thereby triggering MT. HAWLEY INSURANCE COMPANY's obligation to defend THE CONTINENTAL GROUP, INC. for the reasons previously alleged.

32.  MT. HAWLEY INSURANCE COMPANY has breached its obligations under the subject Commercial General Liability Insurance Policy by failing to fulfill and/or denying a separate defense to THE CONTINENTAL GROUP, INC., and by repudiating its defense and/or indemnity obligations for the claims raised against THE CONTINENTAL GROUP, INC., in the Underlying Liability Action.

33. As a result of MT. HAWLEY INSURANCE COMPANY's breaches of its duties, CONTINENTAL has been damaged, has incurred significant attorneys fees, expert witness fees, and costs in having to hire counsel and experts to monitor, attempt to mitigate, participate in the defense, and engage in settlement negotiations as it relates to the Underlying Liability Action. CONTINENTAL has additionally incurred damages such as interest, costs, expenses and separate attorney's fees.

**WHEREFORE**, THE CONTINENTAL GROUP, INC., now known as FIRSTSERVICE RESIDENTIAL FLORIDA, INC., respectfully prays for judgment against MT. HAWLEY INSURANCE COMPANY, for compensatory and incidental damages, interest, costs, and attorneys fees as set forth herein.

**DATED** this 5 day of February 2015.

Respectfully Submitted,
KOLEOS ROSENBERG McMAHON
Am Trust Bank Building
8211 W. Broward Blvd, Suite 330
Fort Lauderdale, Florida 33324
Tel: (954) 474-9929
Fax: (954) 474-9959

By:_____
ALAN S. ROSENBERG
Florida Bar No.: 981400

N:\CONTINEN\CONTINENTAL - GER-(ESIS)\DEC ACTION\Complaint for Declaratory Judgment and Relief.doc

IN THE CIRCUIT COURT OF THE 11th JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2015-002853-CA-01

THE CONTINENTAL GROUP, INC.,
now known as FirstService Residential Florida, Inc.,

        Plaintiff,

v.

MT. HAWLEY INSURANCE COMPANY, an Insurance Corporation; THE YACHT CLUB AT PORTOFINO CONDOMINIUM ASSOCIATION, INC., a Florida Not for Profit Corporation, IGOR GER, an individual; and CSI MANAGEMENT SERVICES, LLC, a Florida Limited Liability Company,

        Defendants.

_____/

## PLAINTIFF, THE CONTINENTAL GROUP, INC., N/K/A FIRSTSERVICE RESIDENTIAL FLORIDA, INC.'S NOTICE OF FILING VERIFIED RETURN OF SERVICE

Plaintiff, THE CONTINENTAL GROUP, INC. N/K/A FIRSTSERVICE RESIDENTIAL FLORIDA, INC., by and through its undersigned counsel, hereby files the attached Verified Return of Service.

Case No. 2015-002853-CA-01
Page 2

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via E-Mail PER Rule 2.516 (b)(i) on this 26 day of March, 2015 to: **John Cavo, Esq.,** HINSHAW & CULBERTSON, LLP, 2525 Ponce de Leon Blvd Floor 4, Coral Gables, FL 33134.

KOLEOS ROSENBERG McMAHON
Am Trust Bank Building
8211 W. Broward Blvd., Suite 330
Fort Lauderdale, Florida 33324
Tel: (954) 474-9929
Fax: (954) 474-9959
Attorneys for Plaintiff,
**THE CONTINENTAL GROUP, INC.,
n/k/a FirstService Residential Florida,
Inc.**

By: _____
ALAN S. ROSENBERG
Florida Bar No.: 981400
asr@krmlegalgroup.com
dielle@krmlegalgroup.com

F:\CONTINENTAL\ESIS - CONTINENTAL - MT. HAWLEY\NOF Verified ROS.doc